# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 1:26-cv-01168-RMR

ANH KHOA HOANG NGUYEN,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver, U.S. Immigration and Customs Enforcement,
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement (ICE), and
PAMELA BONDI, in her official capacity as Acting Attorney General, U.S. Department of Justice

      Respondents.

---

## ORDER

---

Pending before the Court is Petitioner Anh Khoa Hoang Nguyen's ("Mr. Nguyen" or "Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Mr. Nguyen's Motion for Temporary Restraining Order and/or Preliminary Injunction ("TRO"), ECF No. 2. Respondents filed a consolidated Response to the Petition, ECF No. 12, and Petitioner filed a Reply to the Response, ECF No. 13.[1]

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), Todd Blanche was substituted for Pamela Bondi as the Acting U.S. Attorney General in the Response (ECF No. 12) and Reply (ECF No. 13) and Markwayne Mullin was substituted for Kristi Noem as Acting Secretary of the Department of Homeland Security Kristi Noem in the Response (ECF No. 12) and Reply (ECF No. 13).

The Court has reviewed the Petition, the TRO, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is GRANTED.

## I.    BACKGROUND

Mr. Nguyen lawfully entered the US from Vietnam in 1994 and became a lawful permanent resident in 1997. ECF No. 1 ¶ 24. He was convicted of Drug Paraphernalia in Arizona in May of 2009 and Unauthorized Use of a Financial Transaction device in March of 2012 in Colorado. ECF No. 12 at 2. He was sentenced to 18 months of probation for the Colorado charge. *Id.* In June of 2012, Immigration and Customs Enforcement ("ICE") encountered Mr. Nguyen and determined he was subject to removal. *Id.* An Immigration Judge ordered Mr. Nguyen's removal to Vietnam on July 12, 2012. ECF No. 1 ¶ 25. ICE kept Mr. Nguyen in custody through October 4, 2012, and released him on Order of Supervision ("OSUP"). *Id.*

On December 3, 2025, Mr. Nguyen reported for his annual OSUP appointment and ICE detained him. *Id.* at ¶ 27. Mr. Nguyen complied with all aspects of his OSUP through his reincarceration. *Id.* at ¶ 26. ICE provided Mr. Nguyen with a "Notice to [Noncitizen] of File Custody Review" indicting that ICE would interview Mr. Nguyen on March 2, 2026, to consider his incarceration. *Id*. at ¶ 28. ICE actually interviewed Mr. Nguyen on February 20, 2026. *Id*. at ¶ 30.

## II.    LEGAL STANDARD

### A.    Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("*Zadvydas*")); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B.    Post-Removal Detention Under § 1231

Two sections of the Immigration and Nationalization Act ("INA") authorize detention—8 U.S.C. § 1226, which concerns noncitizens who are not yet subject to a removal order, and 8 U.S.C. § 1231, which operates in the post-removal context. Petitioner is detained pursuant to § 1231. Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-

day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order "may be detained beyond the removal period." § 1231(a)(6). The text of the INA does not contain an express limit on the duration a noncitizen may be detained under its authority.

### III.    ANALYSIS

Mr. Nguyen argues that his detention violates the standards set by the Supreme Court in *Zadvydas*, and that Respondents must now come forth with evidence that his removal is significantly likely in the reasonably foreseeable future. See ECF No. 1 ¶¶ 37-46. To support this argument, Petitioner contends that the six-month standard outlined in *Zadvydas* should be considered cumulatively. See ECF No. 1 ¶ 42. Respondent disagrees and purports that each detention should be considered separately. ECF No. 12 at. 10. This Court agrees with Petitioner for the reasons set forth below.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) "does not permit indefinite detention," although the statute does not specify a time limit on how long the DHS may detain a noncitizen in the post-removal period. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id*.; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The

Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Judge Sweeney recently conducted a similar analysis in a case with analogous facts. *See Tran v. Baltazar*, 1:26-cv-00940-CNS, 2026 WL 764002 (D. Colo. Mar. 18, 2026) ("*Tran*"). In *Tran*, the petitioner, Mr. Tran, was also a citizen of Vietnam and became a lawful permanent resident of the United States in 1992. *Id*. at *1. In 1995, Mr. Tran was convicted of criminal trespass and sentenced to 12 months on probation. *Id.* Mr. Tran received a final order of removal from an Immigration Judge on August 12, 2003. *Id*. He spent at least three months in custody before he was released. *Id*. In November 2025, Mr. Tran was re-detained at an annual check-in with immigration authorities. Mr. Tran alleged that in total, between 2003, 2025, and 2026, ICE jailed him for approximately 212 days. *Id.* at *3.

In her order in *Tran*, Judge Sweeney adopted the reasoning of other courts in the District of Colorado, holding that when determining presumptively reasonable time under *Zadvydas*, periods of detention should be determined cumulatively. *Id.* (citing *Aguilar v. Noem*, 25-cv-03463-NYW, 2025 WL 3514282, at *3 (D. Colo. Dec. 8, 2025) (collecting

cases); *see also, e.g.*, *Pena-Gil v. Lyons*, 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *2 (D. Colo. Nov. 24, 2025) (concluding the same and collecting cases in support of its determination that even though "petitioner's 20-month and five-month periods of detention [were] served nonconsecutively, petitioner has nonetheless been detained longer than the six-month presumptively reasonable period")). Relying on this standard, Judge Sweeney ultimately determined that, "[b]ecause Petitioner has demonstrated that he has been cumulatively held in immigration detention for over six months (including at least three months in 2003, plus over four months since Petitioner was re-detained in November 2025), the 'presumptively reasonable period for [Petitioner's] detention has been exceeded.'" *Id*.

In the present case, it is undisputed that Mr. Nguyen was in ICE custody from July 2012 through October 4, 2012, and again starting on December 3, 2025. ECF No. 8 ¶ 25, 27. Respondents merely dispute whether Petitioner's two periods of detention should be considered cumulatively. *See* ECF No. 12 at 10 ("This Court should likewise conclude that the period in 2012 during which Petitioner was detained should not count towards the *Zadvydas* period now"). Following Judge Sweeney's analysis from *Tran*, the presumptively reasonable time period for Mr. Nguyen's immigration detention should be calculated cumulatively. Mr. Nguyen has demonstrated he was cumulatively in ICE custody for over six months, specifically, at least 191 days.

Judge Sweeney's order in *Tran* next addressed whether or not it was significantly likely that Mr. Tran would be removed in the reasonably foreseeable future. Respondents requested Judge Sweeney consider that ICE is working to obtain a travel document for

petitioner and that ICE successfully removed Vietnamese citizens to Vietnam in recent months. *Tran*, 2026 WL 764002, at \*3. Judge Sweeney determined that, those facts "do not move the needle" but "simply demonstrate that Petitioner's removal is *possible*," and reasoned that the mere chance of removal is not the same as a significant likelihood of removal. *Id.* (citing *Siguenza v. Moniz*, No. 25-CV-11914-ADB, 2025 WL 2734704, at \*3 (D. Mass. Sept. 25, 2025)). She ultimately held that Respondents failed to meet their burden to "rebut Petitioner's showing that his removal to Vietnam is not significantly likely to occur in the reasonably foreseeable future." *Id.* at \*4.

Here, Respondents similarly do not meet their burden and fail to show "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. In an attempt to show Mr. Nguyen's removal is significantly likely, Respondents also provide that ICE is working to obtain travel documents for Petitioner and that, "ICE has in recent months, successfully obtained travel documents from the government of Vietnam." ECF. No. 12 at 11-12. Applying Judge Sweeney's analysis in *Tran*, the Court finds Respondents have not met their burden of demonstrating removal of Petitioner is likely, because Respondents simply show that removal of Mr. Nguyen is possible, but not significantly likely. As such, the Court holds that ICE's detention of Mr. Nguyen violates 8 U.S.C. § 1231.

## IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. Respondents are ORDERED to release Petitioner from custody immediately, but no later than within 24

hours of this Order, and may not impose on Petitioner any additional conditions of release or supervision beyond those Petitioner was subject to in connection with his preexisting order of supervision and immediately prior to his recent detention.

Additionally, Respondents SHALL FILE a status report within TWO DAYS of this Order certifying compliance. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time, and Petitioner's TRO, ECF No. 2, which seeks the same relief as the Petition, is DENIED AS MOOT.

.

DATED: May 6, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge